UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| CONSUMERS DIGEST COMMUNICATIONS, LLC, a Delaware Limited Liability Company, <br><br> Plaintiff, <br><br> v. <br><br> RELIABLE CORPORATION, an Ontario Business Corporation, <br><br> Defendant. | ) ) ) ) ) ) Case No. ) ) ) ) ) ) ) |

# COMPLAINT

Plaintiff, Consumers Digest Communications, LLC ("CDC"), by and through its attorneys, Clark Hill PLC, and for its Complaint against Defendant, Reliable Corporation ("Reliable"), states as follows:

## Nature of the Action

1. This is a four-count complaint to redress violations of federal trademark infringement and dilution under the Lanham Act, federal copyright infringement, and common-law trademark infringement.

2. As described more fully below, after expressly declining the opportunity to license the rights to use CDC's registered marks and copyrighted material, Reliable wrongfully, knowingly, willfully and without CDC's express authorization or permission, used CDC's registered marks and copyrighted material in the advertising and marketing of its goods.

## Jurisdiction and Venue

3. CDC asserts causes of action for trademark infringement under 15 U.S.C. § 1114(1), for unfair competition under 15 U.S.C. § 1125(a), for copyright infringement under 17 U.S.C. §§ 101 *et seq.*, for common-law trademark infringement and for common-law unfair

1

competition. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1338(a), 28 U.S.C. §1338(b), 28 U.S.C. §1331, and principles of supplemental jurisdiction.

4. This Court has personal jurisdiction over Reliable because it has transacted business within this district and has committed acts of infringement within this judicial district. Additionally, Reliable operates an interactive website, www.reliablecorporation.com, offering services over the Internet, the website being accessible to and usable by anyone, including residents of this judicial district.

5. Venue is proper in this district under 28 U.S.C, § 1391(b) because the property that is the subject of this action (CDC's service marks, certification marks, trademarks, and copyrighted materials, etc.) is situated in this district and Reliable's infringement of CDC's marks and copyrighted materials occurred in this district, among others.

## The Parties

6. CDC is a Delaware limited liability company with its principal place of business located in Deerfield, Illinois.

7. Reliable is an Ontario Business Corporation with its principal place of business located in Toronto, Ontario.

8. Reliable is not in any manner affiliated or associated with CDC, and Reliable has no authorization from CDC to use its service marks, certification marks, trademarks or copyrighted materials.

## Background Facts

9. CDC is the owner of the following federally registered service marks, certification marks and trademarks (collectively the "Marks"):

   A. "CONSUMERS DIGEST" service mark (Reg. No. 1,378,360) ("Mark 360"), the registration certificate for which is attached hereto and incorporated herein as **Exhibit A**;

2

B. "CONSUMERS DIGEST" trademark (Reg. No. 1,642,060) ("Mark 060"), the registration certificate for which is attached hereto and incorporated herein as **Exhibit B**;

C. "CONSUMERS DIGEST BEST BUY" service mark (Reg. No. 3,015,364) ("Mark 364"), the registration certificate for which is attached hereto and incorporated herein as **Exhibit C**;

D. "CONSUMERS DIGEST" service mark (Reg. No. 3,034,894) ("Mark 894"), the registration certificate for which is attached hereto and incorporated herein as **Exhibit D**;

E. "CONSUMERS DIGEST BEST BUY" certification mark (Reg. No. 4,192,346) ("Mark 346"), the registration certificate for which is attached hereto and incorporated herein as **Exhibit E**;

F. "CONSUMERS DIGEST BEST BUY" certification mark (Reg. No. 4,196,285) ("Mark 285"), the registration certificate for which is attached hereto and incorporated herein as **Exhibit F**;

10. Mark 360 was registered more than five years ago. It has achieved incontestable status, as a declaration was filed in connection with the registration, stating that the Mark has been in continuous use for over five years, and the declaration was accepted by the United States Patent and Trademark Office. Mark 360 has therefore become incontestable within the meaning of Section 15 of the Trademark Act, 15 U.S.C. § 1065, and accordingly is conclusive evidence of the validity of the Mark, of the registration of the Mark, of CDC's ownership of the Mark, and of CDC's exclusive right to use the Mark in commerce. 15 U.S.C. § 1115(b).

11. Mark 060 was registered more than five years ago. It has achieved incontestable status, as a declaration was filed in connection with the registration, stating that the Mark has been in continuous use for over five years, and the declaration was accepted by the United States Patent and Trademark Office.

12. Mark 060 has therefore become incontestable within the meaning of Section 15 of the Trademark Act, 15 U.S.C. § 1065, and accordingly is conclusive evidence of the validity of

3

the Mark, of the registration of the Mark, of CDC's ownership of the Mark, and of CDC's exclusive right to use the Mark in commerce. 15 U.S.C. § 1115(b).

13. Mark 364 was registered more than five years ago. It has achieved incontestable status, as a declaration was filed in connection with the registration, stating that the Mark has been in continuous use for over five years, and the declaration was accepted by the United States Patent and Trademark Office.

14. Mark 364 has therefore become incontestable within the meaning of Section 15 of the Trademark Act, 15 U.S.C. § 1065, and accordingly is conclusive evidence of the validity of the Mark, of the registration of the Mark, of CDC's ownership of the Mark, and of CDC's exclusive right to use the Mark in commerce. 15 U.S.C. § 1115(b).

15. Mark 894 was registered more than five years ago. It has achieved incontestable status, as a declaration was filed in connection with the registration, stating that the Mark has been in continuous use for over five years, and the declaration was accepted by the United States Patent and Trademark Office.

16. Mark 894 has therefore become incontestable within the meaning of Section 15 of the Trademark Act, 15 U.S.C. § 1065, and accordingly is conclusive evidence of the validity of the Mark, of the registration of the Mark, of CDC's ownership of the Mark, and of CDC's exclusive right to use the Mark in commerce. 15 U.S.C. § 1115(b).

17. CDC publishes bi-monthly issues of the "Consumers Digest" Magazine, plus an annual car guide. All Magazine content also resides on CDC's website, www.consumersdigest.com.

18. In each issue, CDC publishes feature-length articles and expert reviews evaluating and recommending specific models in certain product categories.

202611896.1 46123/184096

19. Certain of those articles recognize exceptional product values with the CONSUMERS DIGEST BEST BUY rating.

20. The designation as a CONSUMERS DIGEST BEST BUY has acquired secondary meaning in the marketplace as a product sourced by CDC and deemed to be of exceptional value and a leader in its class.

21. The CONSUMERS DIGEST BEST BUY Mark is also highly distinctive and functions to designate the rating by Consumers Digest Magazine that the product is of an exceptional value.

22. Reliable manufactures and distributes home and professional sewing machines, steam cleaners, steam irons and industrial fabric cleaning machines, amongst other items.

23. In the Consumers Digest September/October 2014 issue, Reliable's "Steamboy T1 Steam Mop" and "Enviromate Pronto P7 Hand-Held Steam Cleaner" were recognized with a CONSUMERS DIGEST BEST BUY rating in the "Steam Mops" and "Hand-held Steam Cleaners" categories, respectively.

24. A copy of the Consumers Digest September/October 2014 issue is attached hereto and incorporated herein as **Exhibit G**.

25. CDC applied to the Copyright office and received a certificate of registration for the Consumers Digest September/October 2014 issue dated September 30, 2014, and identified as: TX 7-948-028.

26. A copy of CDC's copyright registration is attached hereto and incorporated herein as **Exhibit H**.

### Reliable's Infringing Activities

27. On September 10, 2014, CDC's Eastern Sales Manager contacted Kimberly

5

Calder, Reliable's Director of Marketing, via email about the opportunity to license CDC's Marks to help Reliable generate sales for its featured products.

28. A copy of CDC's September 10, 2014, email is attached hereto and incorporated herein as **Exhibit I**.

29. On September 18, 2014, Reliable declined interest in licensing CDC's Marks and copyrighted material, stating that "[i]t will not be a program that we can take advantage of at this time."

30. A copy of Reliable's September 18, 2014, response email is attached hereto and incorporated herein as **Exhibit J**.

31. During the week of March 9, 2015, at the International Housewares Show in Chicago, Illinois, Reliable's representatives, including Kimberly Calder, were distributing a product brochure that contained a full-page unauthorized reprint of the published Consumers Digest editorial from the copyrighted September/October 2014 issue in which Reliable's "Steamboy T1 Steam Mop" and "Enviromate Pronto P7 Hand-Held Steam Cleaner" received the CONSUMERS DIGEST BEST BUY rating, along with a full-page reproduction of the Consumers Digest Recognition of Excellence Certificate prepared by CDC and containing the registered "CONSUMERS DIGEST BEST BUY" Mark.

32. The full-page Consumers Digest Recognition of Excellence Certificate specifically states that "The CONSUMERS DIGEST BEST BUY mark and certificate are registered trademarks and/or copyrights and may not be used for promotional purposes without permission."

33. A copy of the above-referenced pages from the product brochure that Reliable's representatives were distributing at the International Housewares Show in Chicago, Illinois, is

attached hereto and incorporated herein as **Exhibit K**.

34. Upon information and belief, from at least October 23, 2014, through March 12, 2015, Reliable's webpage for its "Steamboy T1 Steam Mop" product contained a circle icon that stated: RATED 'BEST BUY' IN A LEADING CONSUMER PRODUCT GUIDE.

35. Upon clicking the circle icon, the user was then directed to a reprint of the published Consumers Digest editorial from the copyrighted September/October 2014 issue in which Reliable's "Steamboy T1 Steam Mop" and "Enviromate Pronto P7 Hand-Held Steam Cleaner" received the CONSUMERS DIGEST BEST BUY rating.

36. A copy of a screenshot of the webpage for Reliable's "Steamboy T1 Steam Mop" product from October 23, 2014, is attached hereto and incorporated herein as **Exhibit L**.

37. Upon information and belief, Reliable also wrongfully, knowingly, willfully, and continuously engaged in other unauthorized and illegal uses of CDC's registered Marks and copyrighted material for at least 6-months.

38. CDC is entitled to protect the good-will and reputation inherent in its Marks and copyrighted material and is likewise entitled to exclusive enjoyment of the Marks and copyrighted material. Unless Reliable's unlawful uses are restrained by this Court, CDC will suffer substantial irreparable injury for which it has no adequate remedy at law.

## COUNT I

### Violation of Section 32(1) of the Lanham Act

39. CDC re-alleges the allegations contained in paragraphs 1 through 38 as its paragraph 39.

40. As set forth above, without CDC's consent, Reliable used CDC's Marks in connection with the sale, offering for sale, distribution and advertising of its goods. *See* Exhibits K and L.

202611896.1 46123/184096

41. Reliable's actions were undertaken willfully and with the intent and knowledge that such unauthorized actions would cause confusion, mistake or deception in the relevant market as to the Marks.

42. Accordingly, Reliable's use of CDC's Marks is in violation of Section 32(1) of the Lanham Act, 15 U,S.C. §1114(1).

43. Unless restrained by this Court, Reliable's use of the Marks will irreparably damage CDC, for which it has no adequate remedy at law.

44. Reliable's willful and intentional actions have unjustly enriched it and damaged CDC, thereby entitling CDC to monetary damages, punitive damages, attorney's fees and costs in an amount to be determined at trial.

## COUNT II

### Violation of Section 43(a) of The Lanham Act

45. CDC re-alleges the allegations contained in paragraphs 1 through 44 as its paragraph 45.

46. As set forth above, Reliable's unauthorized use of CDC's Marks is likely to cause confusion, mistake or deception as to the sponsorship, approval, or certification of Reliable's goods by CDC.

47. Such unauthorized actions were undertaken willfully and with the intent to cause confusion, mistake or deception.

48. Reliable has in bad faith intended to profit from its unauthorized use of the Marks.

49. As a result, Reliable has violated Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

50. As a direct and proximate result of Reliable's unlawful conduct, CDC has suffered harm and, unless Reliable is enjoined by this Court, CDC will continue to suffer

8

substantial irreparable injury for which there is no adequate remedy at law.

51. CDC is therefore entitled to preliminary and, thereafter, permanent injunctive relief to remedy such unauthorized actions, in accordance with 15 U.S.C. § 1116, in addition to damages, in accordance with 15 U.S.C. § 1117.

52. As a result of Reliable's willful and intentional misconduct, CDC is entitled to monetary damages, punitive damages, attorney's fees and costs permitted by statute in an amount to be determined at trial.

## COUNT III

### Copyright Infringement Under 17 U.S.C. §§ 101 et seq.

53. CDC re-alleges the allegations contained in paragraphs 1 through 52 as its paragraph 63.

54. Reliable knew that the September/October 2014 issue of the Consumers Digest Magazine and all content published therein was CDC's exclusive copyrighted material.

55. CDC is the owner of all Consumers Digest Magazine editorial content and the copyright registrations attached thereto, and has the exclusive right to copy, distribute and transmit said content in the United States and abroad.

56. CDC's Magazines, including the September/October 2014 issue, are original works, copyrightable under the Copyright Act.

57. At all times herein, CDC has complied with the Copyright Act and has secured the exclusive rights and privileges in and to the copyrights in CDC's Magazines, including the Consumers Digest September/October 2014 issue.

58. Reliable has, without authorization from CDC, copied, distributed, disseminated and/or otherwise exploited registered editorial content from the Consumers Digest September/October 2014 issue on Reliable's website and in printed materials distributed and/or

9

made available to the public.

59. CDC has not licensed to Reliable the rights to reproduce or distribute any of CDC's copyrighted material in any manner whatsoever.

60. CDC has notified Reliable in writing of the infringements.

61. By posting on its website and distributing unauthorized content from the September/October 2014 issue of the Consumers Digest Magazine, Reliable has actively engaged in, aided, encouraged materially, contributed to, and abetted the unauthorized copying, distribution, dissemination and/or exploitation of CDC's protected copyrighted materials.

62. Reliable knew its acts constituted copyright infringement.

63. Reliable's conduct was willful within the meaning of the Copyright Act.

64. As a result of its wrongful conduct, Reliable is liable to CDC for copyright infringement pursuant to the Copyright Act. CDC has suffered, and will continue to suffer, substantial losses, including, but not limited to, damage to its business reputation and goodwill.

65. CDC is entitled to recover damages, which include its losses and any and all profits Reliable may have made as a result of its wrongful conduct. Alternatively, CDC is entitled to statutory damages under the Copyright Act.

66. In addition, because Reliable's infringement was willful, CDC is also entitled to punitive damages and attorney's fees and costs in an amount to be determined at trial.

## COUNT IV

### Common-law Trademark Infringement

67. CDC re-alleges the allegations contained in paragraphs 1 through 66 as its paragraph 67.

68. Reliable's use of CDC's Marks constitutes common-law trademark infringement.

10

69. Reliable's conduct has caused damage to CDC.

70. Reliable's conduct will cause further irreparable injury to CDC if Reliable is not restrained by this Court from further violation of CDC's rights.

71. CDC's remedy at law is not by itself adequate, and CDC has suffered and continues to suffer irreparable harm such that CDC is entitled to injunctive relief.

72. Reliable's conduct constitutes trademark infringement under the common law of the State of Illinois.

73. CDC is entitled to recover its damages for Reliable's intentional infringing conduct in an amount to be determined at trial.

## **Prayer For Relief**

WHEREFORE, Plaintiff, Consumers Digest Communications, LLC, respectfully requests this Court to:

A. Temporarily restrain and preliminarily and permanently enjoin Reliable Corporation, and any person associated with Reliable Corporation, from (1) directly or indirectly using the "CONSUMERS DIGEST" and "CONSUMERS DIGEST BEST BUY" Marks, or any marks confusingly similar thereto; (2) directly or indirectly using any other service marks, certification marks, or trademarks likely to dilute the distinctive quality of CDC's Marks or injure its business reputation; and (3) directly or indirectly using, copying, disseminating and posting any of CDC's protected copyrighted material;

B. Direct Reliable Corporation to deliver up for destruction or other disposition within thirty (30) days of the entry of judgment all advertising, marketing and other materials in its actual or constructive possession that violate the terms of any injunction entered herein or which bear any designation in violation hereof;

C. Direct Reliable Corporation to notify all sellers, retailers, distributors, or dealers that they must immediately discontinue (1) directly or indirectly using the "CONSUMERS DIGEST" and "CONSUMERS DIGEST BEST BUY" Marks, or any marks confusingly similar thereto; (2) directly or indirectly using any other service marks, certification marks, or trademarks likely to dilute the distinctive quality of CDC's Marks or injure its business reputation; and (3) directly or indirectly using, copying, disseminating and posting any of CDC's protected copyrighted materials;

202611896.1 46123/184096

D.     Direct Reliable Corporation to recall all advertising, marketing and other materials disseminated to sellers, retailers, distributors, or dealers that violate the terms of any injunction entered herein, or bear any designation in violation thereof;

E.     Direct Reliable Corporation to file with this Court and to serve on CDC, within 30-days after the entry of an injunction, a report in writing under oath, setting forth in detail the manner and form in which Reliable Corporation complied with the injunction;

F.     Direct Reliable Corporation to account for all profits derived from their wrongful activities and to turn them over, trebled, to CDC;

G.     Order Reliable Corporation to pay CDC all of its damages, trebled, resulting from Reliable Corporation's misconduct, including full compensation for the injury to CDC's goodwill and business reputation;

H.     Order Reliable Corporation to pay CDC punitive damages for Reliable Corporation's intentional acts of infringement and unfair competition;

I.     Award CDC its attorneys' fees, interest and costs; and

Grant such other relief as this Court deems just.

Respectfully submitted this 29th day of April, 2015,

                CLARK HILL PLC

                By: /s/ Leslie Gutierrez
                    Leslie Gutierrez (lgutierrez@clarkhill.com)
                    Illinois Bar No. 6306080
                    Scott N. Schreiber (sschreiber@clarkhill.com)
                    Illinois Bar No. 6191042
                    Clark Hill PLC
                    150 N. Michigan Ave., Suite 2700
                    Chicago, Illinois 60601
                    (312) 985.5900 (Phone)
                    (312) 985.5919 (Fax)